T.C. Memo. 1998-348

UNITED STATES TAX COURT

ALAN G. VANNOORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16142-97.                    Filed September 30, 1998.

Eric R. Skinner, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  In a notice issued to Alan G. VanNoord on May 1, 1997, respondent determined the following deficiencies in and additions to Mr. VanNoord's Federal income taxes:

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6651(a)(1) | Sec. 6651(f) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 1993 | $15,492 | $1,067 | -- | $127 |
| 1994 | 14,745 | -- | $7,001 | 450 |
| 1995 | 17,651 | -- | 13,208 | 960 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In his petition filed on July 29, 1997, Mr. VanNoord contested all of respondent's determinations. At the time the petition was filed, he resided in Grand Rapids, Michigan. Mr. VanNoord refused to stipulate any facts, appear at trial, or submit a brief.

During the years in issue, Mr. VanNoord was employed by Keebler Co. and earned wages of $67,452, $65,584, and $67,527 for 1993, 1994, and 1995, respectively. In 1995, he also received $7,913 of rental income from the Michigan Department of Management and Budget. On January 3, 1994, Mr. VanNoord filed with Keebler Co. a Form W-4, Employee's Withholding Allowance Certificate, on which he claimed eight exemptions. Later that same year, he filed another Form W-4 on which he claimed that he was exempt from Federal income tax withholding. Because he did not file a new Form W-4 in 1995, Keebler Co. continued to exempt him from withholding for that year. Mr. VanNoord failed to file Federal income tax returns for 1993, 1994, and 1995, but he filed timely returns for prior years.

Respondent determined that Mr. VanNoord: (1) Failed to report wage income for 1993, 1994, and 1995 and rental income for

1995; (2) is liable, pursuant to section 6651(a)(1), for an addition to tax for failing to file a Federal income tax return for 1993; and (3) is liable, pursuant to section 6654, for additions to tax for failing to make estimated tax payments for 1993, 1994, and 1995. Mr. VanNoord bears the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Because Mr. VanNoord failed to offer any evidence, respondent's determinations relating to these issues are sustained.

Respondent also determined that Mr. VanNoord is liable for section 6651(f) additions to tax for fraudulently failing to file his 1994 and 1995 Federal income tax returns. Respondent must establish, by clear and convincing evidence, that Mr. VanNoord's failure to file was an attempt to evade tax. Sec. 7454(a); Clayton v. Commissioner, 102 T.C. 632, 646, 651-653 (1994). A taxpayer's attempts to conceal income, mislead the Internal Revenue Service, or prevent the collection of income tax may establish the requisite fraudulent intent. See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Mr. VanNoord was aware of his Federal income tax return filing obligations but failed to file his 1994 and 1995 returns. During those years, Mr. VanNoord earned wages in excess of $65,000 and did not have a significant amount of deductible expenses. Nevertheless, on his Form W-4, Mr. VanNoord claimed

that he was exempt from withholding, did not have a 1993 tax liability, and did not expect to have a 1994 tax liability.  By filing this form, which remained in effect for 1995, Mr. VanNoord attempted to prevent the Internal Revenue Service from collecting his income tax liability.  Moreover, he attempted to evade tax by failing to file his returns.  Accordingly, Mr. VanNoord is liable for the section 6651(f) additions to tax relating to 1994 and 1995.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.